UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BREEZE FINANCIAL LLC<br><br>    Plaintiff,<br><br>    v.<br><br>ROMARIO FACEY PRODUCTIONS LLC and ROMARIO FACEY,<br><br>    Defendants. | Civil Action No.: 23-cv-0215<br><br>**COMPLAINT** |

Plaintiff Breeze Financial LLC ("Breeze"), by its undersigned attorney, for its Complaint against defendants Romario Facey Productions LLC ("RFP") and Romario Facey ("*Facey*," and together with RFP, "*Defendants*"), and states as follows:

### NATURE OF THE ACTION

1.      Pursuant to a Financial Future Receivables Purchase and Sale Agreement (the "P&S Agreement"), Plaintiff Breeze provided $250,000 to RFP in return for RFP's promise to pay 50% of all revenue RFP received from its YouTube channel entitled "Vid Chronicles" at https://www.youtube.com/c/VidChronicles (the "Channel") up to a maximum payment of $375,000.

2.      RFP took the $250,000 from Breeze but quickly defaulted on its obligations to pay the 50% revenue share, in violation of the P&S Agreement.

3.      Facey violated the terms of a Validity Guaranty (the "Guaranty"), pursuant to which he guaranteed RFP's obligations under the P&S Agreement.

4.      As a result, Breeze seeks recovery of past-due amounts and additional contractual damages arising from the non-payment and the Defendants' other breaches of the P&S

Agreement and the Guaranty.  Furthermore, and in addition to other relief sought herein, Breeze seeks:

    a.  a declaratory judgment declaring that Breeze shall have all rights to control and administer the Channel, the monetization of the Channel, and all artistic work and other content shared on the Channel (the "Content"), until Breeze has received all amounts payable to it under the P&S Agreement; and

    b.  an injunction:

        i.  enjoining RFP or Facey, or anyone acting by or through them, from altering or removing any Content from the Channel;

        ii.  enjoining RFP or Facey, or anyone acting by or through them, from uploading content to any other platform, channel, account, or any other outlet other than the Channel, without first obtaining Breeze's written consent; and

        iii.  freezing all monies in the Defendants' AdSense Account (defined below), other than payments to Breeze, until such time as the payment defaults are cured.

## PARTIES

5.    The plaintiff, Breeze, is a Delaware limited liability company with a single member, Breeze Financial Limited. Breeze Financial Limited is a corporation organized under the laws of the Republic of Ireland, with its principal place of business in the Republic of Ireland.

6.    The defendant, RFP, is a limited liability company organized under the laws of the State of Texas. On information and belief, its sole member is the defendant, Romario Facey.

7.      On information and belief, the defendant Facey is a citizen in the state of Texas.

## JURSDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the plaintiff limited liability company is a citizen of the Republic of Ireland, both of the Defendants are citizens of the state of Texas, and the amount in controversy exceeds $75,000.

9.      This Court has personal jurisdiction over the Defendants because they consented to such jurisdiction in the P&S Agreement and the Guaranty.

10.      Venue exists in this district pursuant to 28 U.S.C. § 1391(b)(4) because the parties selected such venue in in the P&S Agreement and the Guaranty.

## FACTUAL ALLEGATIONS

11.      Breeze is a provider of funding solutions for online content creators.

12.      The Defendants operate the Channel. The Channel principally generates revenue from advertisement shown to viewers of the Content.

13.      In 2022, the Defendants sought to access financing from Breeze.

14.      In May 2022, Breeze and RFP entered into the P&S Agreement.

15.      The P&S Agreement provided that, among other things:

   i.    Breeze was required to provide RFP with $250,000 to fund the Channel.

   ii.   RFP was required to pay Breeze 50% of the Revenue (defined below) generated by the Channel on a monthly basis following the Closing Date up to an aggregate total amount of $375,000.

   iii.  Revenue was defined to be "any and all revenues and cashflows that [RFP] generates from its Content from time to time payable by YouTube or Google or their affiliates.

3

    iv.    RFP was required to direct all that of its Revenue be paid into a specified account (the "AdSense Account").

    v.    RFP was required to make monthly payments to Breeze out of the AdSense Account, equal to 50% of all monthly Revenue, up to a total of $375,000.

16.    The Closing Date of the P&S Agreement was May 31, 2022, the date on which Breeze funded the $250,000 payment to RFP.

17.    RFP never made any of the requisite payments to Breeze under the P&S Agreement.

18.    As of October 31, 2022, RFP owed Breeze $86,352.57 in monthly revenue payments to Breeze.

19.    After October 31, 2022, RFP ceased sharing the monthly Revenue figures with Breeze, in violation of the P&S Agreement. Under the P&S Agreement, another monthly payment was due in late November, believed to be in the approximate amount of $30,000.  RFP failed to pay the November payment and all other monthly payments due thereafter.

20.    On October 13, 2022, Breeze's counsel sent a letter to the Defendants, giving notice of RFP's payment defaults and demanding payment of past amounts due on or before October 28, 2022. The Defendants did not respond to the letter and did not remit any of the required payments thereafter.

21.    Under Sections 30 and 31 of the P&S Agreement, RFP's failures to make monthly payments constitute Events of Default, entitling Breeze to exercise all rights and remedies available to it in law, equity, or otherwise.

22.     Section 31 of the P&S Agreement further provides that upon an Event of Default, Breeze is entitled to, among other things:

    a.   exercise complete control over all aspects of the Channel and the AdSense Account, among other things, including, but not limited to the right to control the monetization of such accounts;

    b.   direct that all payments owed to RFP from the AdSense Account be made directly to Breeze;

    c.   restrict RFP's access to the AdSense Account and the Channel; and

    d.   prevent RFP from uploading new content to the Channel.

23.     In addition to the failure to pay, on information and belief, Facey, acting on behalf of RFP, entered into an agreement (the "**Mediacube Agreement**") purporting to transfer all or a portion of the Revenue to a third party, Mediacube Worldwide Ltd. By entering into the Mediacube Agreement, RFP violated its representations, warranties, and covenants under the P&S Agreement, including, without limitation, those set out in Sections 21(B), (C), (D), (I), (L), (N) & (P) and Sections 22(A), (C), (D), (E), and (K). Each such violation is also an Event of Default under the P&S Agreement, entitling Breeze to exercise all rights and remedies available to it in law, equity, or otherwise.

24.     Concurrently with the execution of the P&S Agreement, Breeze and Facey concurrently entered into the Guaranty, under which Facey personally guaranteed various obligations of RFP under the P&S Agreement.

25.     Facey executed the Guaranty on May 10, 2022.

26.     Pursuant to the Guaranty, Facey, among other obligations and covenants, absolutely, unconditionally, and irrevocably guaranteed and covenanted (among other things) that:

    a.  RFP would not assign, transfer, or otherwise convey the Revenue or any portion thereof to any other party;

    b.  all Revenue would be paid and attributed to the AdSense Account;

    c.  RFP would not take any action that inhibited or discouraged Breeze from receiving or collecting the Revenue owing to it or otherwise frustrated the purpose of the transactions contemplated by the P&S Agreement, including by:

        i.  disposing of (x) the Channel, the AdSense Account, the Content, or the Revenue or any portion thereof or (y) any other assets or inventory used in the generation of Revenue;

        ii.  diverting Revenue from the Channel or the AdSense Account;

        iii.  removing or changing any authorizations, log-in or access codes for the Channel or the AdSense Account which RFP was required to provide to Breeze; or

        iv.  either itself or through its related persons, creating any AdSense or YouTube accounts or channels, unless the revenues therefrom were made subject to, and applied in accordance with, the P&S Agreement; and

    d.  All Revenue payable to Breeze were to be held in trust by RFP in accordance with the P&S Agreement.

27.     Facey violated the Guaranty, by among other things, (a) failing to provide Breeze with authorizations to maintain access to the AdSense Account and the Channel; (b) failing to ensure that RFP held Revenue in trust for Breeze; and (c) on information and belief, by permitting the transfer, conveyance, and diversion of Revenue in violation of the P&S Agreement.

28.     Under the Guaranty, Facey waived all defenses to the enforcement of the Guaranty, including but not limited to promptness, diligence, notice of acceptance, and any other notice requirement.

## FIRST CAUSE OF ACTION

## (Breach of Contract Against RFP)

29.     Breeze repeats and realleges the allegations above as if fully set forth herein.

30.     Breeze and RFP executed the P&S Agreement on or about May 10, 2022.

31.      Pursuant to the P&S Agreement, Breeze agreed to provide $250,000 to RFP in exchange for receiving monthly payments from RFP equal to 50% of all monthly Revenue, up to a total of $375,000 in total payments.

32.     Breeze performed its obligations under the P&S Agreement in full by, among other things, providing $250,000 to RFP on May 31, 2022.

33.     RFP failed to pay any of the required monthly payments to Breeze and is continuing default of its payment obligations. Such failures constitute Events of Default under the P&S Agreement.

34.     RFP also violated its representations, warranties, and covenants under the P&S Agreement, including, without limitation, those set out in Sections 21(B), (C), (D), (I), (L), (N)

& (P), and Sections 22(A), (C), (D), (E), and (K), by among other things, allegedly entering into the Mediacube Agreement.

35.    The P&S Agreement provides that RFP is liable to pay the amount of any and all reasonable expenses, including, without limitation, collection costs, all attorneys' fees and legal expenses, incurred by Breeze in connection with the enforcement of the P&S Agreement.

36.    By reason of the foregoing, Breezes is entitled to judgment against RFP in the amount to be proven at trial, but in any event no less than $375,000, plus interest, costs, and attorney's fees as applicable.

## SECOND CAUSE OF ACTION

### (Breach of Guaranty Against Facey)

37.    Breeze repeats and realleges the allegations above as if fully set forth herein.

38.    Concurrently with the execution of the P&S Agreement, Breeze and Facey concurrently entered into the Guaranty under which Facey personally guaranteed various obligations of RFP under the P&S Agreement.

39.    Facey executed the Guaranty on May 10, 2022.

40.    Pursuant to the Guaranty, Facey, among other obligations and covenants, absolutely, unconditionally, and irrevocably guaranteed and covenanted (among other things) that:

a.    RFP would not assign, transfer, or otherwise convey the Revenue or any portion thereof to any other party;

b.    all Revenue would be paid and attributed to the AdSense Account;

    c.   RFP would not take any action that inhibited or discouraged Breeze from receiving or collecting the Revenue owing to it or otherwise frustrated the purpose of the transactions contemplated by the P&S Agreement, including by:

        i.   disposing of (x) the Channel, the AdSense Account, the Content, or the Revenue or any portion thereof or (y) any other assets or inventory used in the generation of Revenue;

        ii.   diverting Revenue from the Channel or the AdSense Account;

        iii.   removing or changing any authorizations, log-in or access codes for the Channel or the AdSense Account which RFP was required to provide to Breeze; or

        iv.   either itself or through its related persons, creating any AdSense or YouTube accounts or channels, unless the revenues therefrom were made subject to, and applied in accordance with, the P&S Agreement; and

    d.   All Revenue payable to Breeze were to be held in trust by RFP in accordance with the P&S Agreement.

41.    Facey violated the Guaranty, by among other things, (a) failing to provide Breeze with authorizations to maintain access to the AdSense Account and the Channel; (b) failing to ensure that RFP held Revenue in trust for Breeze; and (c) on information and belief, by permitting the transfer, conveyance, and diversion of Revenue in violation of the P&S Agreement.

42.     Under the Guaranty, Facey waived all defenses to the enforcement of the

Guaranty, including but not limited to promptness, diligence, notice of acceptance, and any other

notice requirement.

43.     The Guaranty provides that Facey (as Guarantor) is liable to pay the amount of

any and all reasonable expenses, including, without limitation, attorneys' fees, legal expenses,

and brokers' fees incurred by Breeze in connection with the enforcement of the Guaranty.

44.     By reason of the foregoing, Breeze is entitled to judgment against Facey in the

amount of $375,000, plus interest, costs, expenses and attorney's fees.

### THIRD CAUSE OF ACTION

### (Declaratory Judgment Against the Defendants)

45.     Breeze repeats and realleges the allegations above as if fully set forth herein.

46.     An actual case and controversy exists as between Breeze and the Defendants,

because Breeze has asserted its right under the P&S Agreement for control over and receipt of

payments from the AdSense Account and for control over the Content and the Channel, but the

Defendants have frustrated Breeze's ability to do so by (among other things) altering the

authorization codes to access the accounts, by refusing to acknowledge Breeze's rights, and by

refusing to cooperate with Breeze's invocations of those rights.

47.     Because RFP defaulted under the P&S Agreement and Facey defaulted under the

Guaranty, Breeze is entitled to invoke its right to obtain control over the AdSense Account, the

Channel, and the Content. Breeze has invoked those rights, but the Defendants have refused to

recognize and acknowledge Breeze's rights.

48.     By reason of the foregoing, Breeze seeks a declaration from the Court that it is

entitled to all rights to control and administer the Channel, the monetization of the Channel, and

the Content until Breeze has received all amounts payable to it under the P&S Agreement (to the extent that Breeze does not already have such rights).

## FOURTH CAUSE OF ACTION

### (Injunction Against All of the Defendants)

49.    Breeze repeats and realleges the allegations above as if fully set forth herein

50.    Breeze seeks an injunction:

     i.    enjoining RFP or Facey, or anyone acting by or through them, from altering or removing any Content from the Channel;

     ii.    enjoining RFP or Facey, or anyone acting by or through them, from uploading content to any other platform, channel, account, or any other outlet other than the Channel, without first obtaining Breeze's written consent; and

     iii.    freezing all monies in the Defendants' AdSense Account, other than payments to Breeze, until such time as the payment defaults are cured.

51.    Breeze is entitled to the requested injunction on the merits under the terms of the P&S Agreement.

52.    Breeze will suffer irreparable harm if the injunction is not granted because the Defendants will otherwise divert the funds and the property over which Breeze has contractual rights, thus effectively frustrating Breeze's ability to collect on any judgment it may receive.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

a)  Enter judgment against the Defendants and in favor of Plaintiff;

b)  Award compensatory damages to Plaintiff in the amount to be proven at trial, but in any event no less than $375,000;

c)  Award Plaintiff interest, reasonable costs, attorney's fees, and disbursements;

d)  Enter a declaratory judgment declaring that Breeze shall have all rights to control and administer the Channel, the monetization of the Channel, and the Content until Breeze has received all amounts payable to it under the P&S Agreement (to the extent that Breeze does not already have such rights); and

e)  Enter an injunction

    i.  enjoining RFP or Facey, or anyone acting by or through them, from altering or removing any Content from the Channel;

    ii.  enjoining RFP or Facey, or anyone acting by or through them, from uploading content to any other platform, channel, account, or any other outlet other than the Channel, without first obtaining Breeze's written consent; and

    iii.  freezing all monies in the Defendants' AdSense Account, other than payments to Breeze Financial LLC, until such time as the payment defaults are cured; and

f)  Grant such other relief as it deems necessary and proper.

Dated: New York, New York
      January 10, 2023

Respectfully submitted,

PRESS KORAL LLP

By:_____/s// Jason M. Koral_____
      Jason M. Koral
      jkoral@presskoral.com

641 Lexington Avenue, 13th Floor.
New York, NY 10022
Phone: (212) 520-8270

*Attorney for Plaintiff Breeze Financial LLC*